UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LINDA N. LEWIS, | } | |
| Plaintiff, | } | |
| v. | } | CASE NO. CV 96-B-0734-S |
| RHODES, INC., a Corporation, and RON KIRKPATRICK, an individual, | } | |
| Defendants. | } | |

## MEMORANDUM OPINION

Currently before the court is the motion of plaintiff Linda N. Lewis to remand. Upon consideration of the record, the submissions of the parties, the argument of counsel, and the relevant law, the court is of the opinion that plaintiff's motion to remand is due to be granted.

This dispute arises out of defendants' decision to terminate plaintiff's employment. On February 1, 1996, plaintiff filed suit in the Tenth Judicial Circuit, Jefferson County, Alabama, alleging that defendants violated Alabama Code § 25-5-11.1, which prohibits an employer from terminating an employee for claiming workers' compensation benefits under Alabama law. Defendants removed the case to federal court on March 20, 1996, and thereafter, plaintiff filed the motion to remand presently before the court. Plaintiff contends that this suit "arises under" Alabama's workers' compensation laws and, as a result, its removal to federal court is barred by 28 U.S.C. § 1445(c).

### DISCUSSION

Under 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the

United States." The issue before the court is whether a claim for retaliation for the exercise of rights under Alabama's workers' compensation laws "arises under" those laws, precluding its removal to federal court. A number of courts have considered this question and the decisions go both ways. *See, e.g., Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1246 (8th Cir. 1995) (holding that Missouri's cause of action for retaliation does "arise under" its workers' compensation laws); *Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 725 (7th Cir.) (holding that Illinois' cause of action for retaliation does not "arise under" its workers' compensation laws), *cert. denied*, 115 S. Ct. 377 (1994); *Jones v. Roadway Express, Inc.*, 931 F.2d 1086, 1092 (5th Cir. 1991) (holding that Texas' cause of action for retaliation does "arise under" its workers' compensation laws). Even within this district, there is a split among the judges as to whether a claim for retaliation under Alabama Code § 25-5-11.1 "arises under" Alabama's workers' compensation laws. *Compare Farrior v. Sodexho, USA*, No. CV 96-G-3127-S, 1997 WL 64074, (N.D. Ala. 1997) (Guin, J.) (holding that a retaliation claim under ALA. CODE § 25-5-11.1 "arises under" Alabama's workers' compensation laws); *Priest v. Sealift Servs. Int'l Inc.*, No. CV 96-AR-3259-M (N.D. Ala. 1997) (Acker, J.) (same as *Farrior*); *Lackey v. Gateway Homes, Inc.*, 944 F. Supp. 870 (N.D. Ala. 1996) (Haltom, J.) (same as *Farrior*); *Roberts v. Beaulieu of Am., Inc.*, 950 F. Supp. 1509 (N.D. Ala. 1996) (Smith, J.) (same as *Farrior*); *Wiggonton v. Keystone Foods*, No. CV 93-N-1865-M (N.D. Ala. 1993) (Nelson, J.) (same as *Farrior*); *with Moreland v. Gold Kist*, Inc., 908 F. Supp. 898, 900 (N.D. Ala. 1995) (Propst, J.) (holding that § 25-5-11.1 claim does *not* "arise under" Alabama's workers' compensation laws); *Traylor v. Lee Brass Co.*, No. CV 95-H-2639-E (N.D. Ala. 1995) (Hancock, J.) (same as *Moreland*); *Gilmer v. Browning-Ferris Indus., Inc.*, No. CV 95-P-

2009-S (N.D. Ala. 1995) (Pointer, J.) (same as *Moreland*). Additionally, and as both parties are aware, this court has previously held that a claim for retaliation under § 25-5-11.1 does not arise under Alabama's workers' compensation laws and, therefore, § 1445(c) does not preclude removal to federal court. *See Gunn v. Fisher of Alabama*, No. CV 93-B-1847-S (N.D. Ala. 1994) (Blackburn, J.). Upon reconsideration of this issue, however, the court concludes that a claim for retaliation under § 25-5-11.1 does arise under Alabama's workers' compensation laws, and as a result, claims of this nature may not be removed to federal court.

In its previous decision holding 28 U.S.C. § 1445(c) inapplicable to retaliation claims brought pursuant to Alabama Code § 25-5-11.1, this court relied primarily on the Alabama Supreme Court's decision in *Jackson County Hosp. v. Alabama Hosp. Ass'n Trust*, 619 So. 2d 1369 (Ala. 1993). In *Jackson County Hospital*, a hospital sued its insurance company for refusing to defend the hospital against an employee's retaliatory discharge claim under § 25-5-11.1. *Id.* at 1370. The hospital argued that a claim under § 25-5-11.1 is a traditional tort claim, not a claim under Alabama's Workers' Compensation Act, and, therefore, should be included under the hospital's insurance agreement. *Id.* The Alabama Supreme Court agreed with the hospital and held that a retaliatory discharge claim under § 25-5-11.1 "does not arise 'under' [Alabama's] workers' compensation law" for purposes of the general liability insurance provision at issue in the case. *Id.* at 1371.

Upon reconsideration, the court is now of the opinion that *Jackson County Hospital* should be afforded little, if any, weight in determining the issue before the court. First, because the issue in *Jackson County Hospital* involved the scope of coverage under a general liability insurance policy, it is not clear whether the court used the phrase "arising under" as

3

that term is used under federal law. Second, and most importantly, even if the court in *Jackson County Hospital* was using "arising under" in the same context as it is used under federal law, the interpretation of "arises under" and "workmen's compensation laws" for purposes of 28 U.S.C. § 1445(c) is ultimately a question of federal law. *Arthur v. E.I. Dupont de Nemours & Co., Inc.*, 58 F.3d 121, 125 (4th Cir. 1995); *see also Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 705 (1972) (federal law governs construction of removal statutes). Consequently, for both of these reasons the court declines to rely upon *Jackson County Hospital*.

Under the plain language of 28 U.S.C. § 1445(c), a § 25-5-11.1 claim may not be removed if the court determines that such claim "arises under" the "workmen's compensation laws" of Alabama. Although the most well-known statutory provision containing the "arising under" language is 28 U.S.C. § 1331, there are a myriad of other jurisdictional provisions in which Congress employed this familiar phrase.[1] Despite Congress' frequent use of "arising under," the majority of cases discussing this language have done so while interpreting § 1331. However, in *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800 (1988), the Court addressed the meaning of "arising under" as used in 28 U.S.C. § 1338; the Court's discussion provides significant guidance as to how "arising under" should be interpreted in § 1445(c).

---

[1] At a minimum, Congress used the phrase "arising under" in the following sections of Title 28 of the United States Code: § 1331 (federal question jurisdiction); § 1334(b) (bankruptcy); § 1337 (antitrust); § 1338 (patents, copyrights, trademarks, etc.); § 1339 (postal matters); § 1340 (internal revenue); § 1441(b) (actions removable generally); § 1445(a) (railroad); § 1445(b) (carrier); § 1445(c) (workmen's compensation) and; § 1445(d) (Violence Against Women Act of 1994).

In relevant part, 28 U.S.C. § 1338 provides: "The district courts shall have original jurisdiction of any civil action *arising under* any Act of Congress relating to patents, plant variety protection, copyrights and trade-marks." *Id.* (emphasis added). The issue faced by the Court in *Christianson* was whether the case before it was one "arising under" a federal patent statute. In reaching its decision regarding the meaning of "arising under" in § 1338, the Court stated: "Our cases interpreting identical language in other jurisdictional provisions, particularly the general federal-question provision, . . . have quite naturally applied the same test." *Id.* at 808 (footnote omitted) (citation omitted). As a result, the court outlined the test for § 1331 jurisdiction, and then reformulated that test to fit the requirements of § 1338, stating: "Linguistic consistency, to which we have historically adhered, demands that § 1338(a) jurisdiction likewise extend only to those cases in which a well-pleaded complaint establishes that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law . . . ." *Id.* at 808-09. Consequently, because the Court opined that it is "quite natural" to apply the § 1331 "arising under" standards to other jurisdictional provisions that use the "arising under" language, and because "linguistic consistency" demands that identical language be interpreted in a similar manner, the court is of the opinion that *Christianson* mandates application of § 1331 standards to 28 U.S.C. § 1445(c). *See In re Wood*, 825 F.2d 90, 96-97 (5th Cir. 1987) (stating that "Congress used the phrase 'arising under title 11" to describe those proceedings that involve a cause of action created or determined by a statutory provision of title 11. Apparently, the phrase was taken from 28 U.S.C. § 1331, conferring federal question jurisdiction in which it carries a similar and well-accepted meaning."); *Nieto-Santos v. Fletcher Farms*, 743 F.2d 638,

5

639 n.1 (9th Cir. 1984) ("In all respects relevant to this case, § 1331 and § 1337 are read alike and the same tests apply in determining whether a case is one 'arising under' federal law." (citations omitted)); *Coastal States Mktg., Inc. v. New England Petroleum Corp.*, 604 F.2d 179, 183 (2nd Cir. 1979) ("The use of the phrase 'cases and controversies arising under' in § 211(b)(2) is strong evidence that Congress intended to borrow the body of decisional law that has developed under 28 U.S.C.A. § 1331 and other grants of jurisdiction to the district courts over cases 'arising under' various regulatory statutes. *See e.g.*, 28 U.S.C. § 1337, 1338, 1339, 1340. The traditional meaning associated with these words could hardly have been overlooked.").

As noted in *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8 (1983) (footnote omitted), "the phrase 'arising under' masks a welter of issues regarding the interrelation of federal and state authority and the proper management of the federal judicial system." Although "arising under" eludes any single, precise definition, "[t]his much . . . is clear. The 'vast majority' of cases that come within this grant of jurisdiction are covered by Justice Holmes' statement that 'a suit arises under the law that creates the cause of action.'" *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (citations omitted). In addition, the Court has also held that a case may "arise under federal law 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Id.* (citation omitted).

Integrating the Court's well-established § 1331 standards into § 1445(c) results in the principle that a civil action "arises under" the workers' compensation laws if the workers' compensation laws create the cause of action, or if the vindication of the claim necessarily turns on the construction of the state's workers' compensation laws. Because the court is of

6

the opinion that Alabama's workers' compensation laws create the claim for retaliatory discharge under Alabama Code § 25-5-11.1, the court need not discuss whether plaintiff's claim turns on construction of Alabama's workers' compensation laws.

Alabama Code 25-5-11.1 provides that "[n]o employee shall be terminated by an employer solely because the employee has instituted or maintained any action against the employer to recover workers' compensation benefits under this chapter . . . ." Although the Alabama legislature placed § 25-5-11.1 within the chapter of the Alabama Code that provides for workers' compensation benefits, as defendants point out, "[t]he mere fact that a statute has or has not been codified as part of the workers' compensation chapter is not determinative of whether a claim filed under it is one 'arising under the workers' compensation laws' for purposes of 28 U.S.C. § 1445(c)." *Hummel v. Kamehameha Schools/Bernice Pauahi Bishop*, 749 F. Supp. 1023, 1027 (D. Hawaii 1990).

Instead, the appropriate inquiry is whether § 25-5-11.1 could exist in the absence of a general workers' compensation scheme. The answer to this question is beyond dispute: A claim for retaliatory discharge for maintaining a workers' compensation claim could not exist in the absence of laws that allow workers to obtain workers' compensation benefits. Clearly, if Alabama did not have laws that allow workers to obtain benefits for their on-the-job injuries, there could be no law allowing them to bring suit when fired for exercising their right to seek compensation for their injuries. Thus, because § 25-5-11.1 would not exist without a general workers' compensation scheme, the court concludes that Alabama's workers' compensation laws create a cause of action for retaliatory discharge.

The court notes that two of the three Circuits that have considered the issue have reached the same conclusion by employing the same analysis. First, in *Jones v. Roadway Exp., Inc.*, 931 F.2d 1086 (5th Cir. 1991), the Fifth Circuit faced the issue of whether § 1445(c) precluded removal of a plaintiff's claim for retaliatory discharge brought pursuant to article 8307c of the Revised Civil Statutes of the State of Texas, which in relevant part provided:

> No person may discharge or in any other manner discriminate against any employee because the employee has in good faith filed a claim, hired a lawyer to represent him in a claim, instituted, or caused to be instituted, in good faith, any proceeding under the Texas Workmen's Compensation Act . . . .

*Jones*, 931 F.2d at 1089 (quoting TEX. REV. CIV. STAT. ANN. art. 8307c, sec. 1). In reaching its conclusion that the cause of action for retaliation "arises under" Texas workers' compensation laws, the Fifth Circuit stated, "[t]his court has declared, in analyzing the statute that grants federal question jurisdiction, 28 U.S.C. § 1331, that '[a] suit arises under the law that creates the cause of action.'" *Id.* at 1092 (citations omitted). "We do not see any reason not to define 'arising under' in section 1445(c) as we have defined it in section 1331. When we apply this definition to an article 8307c lawsuit, we are satisfied that such a suit arises under the workers' compensation laws of Texas within the meaning of section 1445(c)." *Id.* "In short, were it not for the workers' compensation laws, article 8307c would not exist . . . ." *Id.*

Similarly, in *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238 (8th Cir. 1995), the Eighth Circuit addressed the issue of whether plaintiff's cause of action for retaliatory discharge was one "arising under" Missouri's workers' compensation laws, which in relevant part provided:

8

"No employer or agent shall discharge or in any way discriminate against any employee for exercising any of his [or her] rights under [the Missouri Workers' Compensation Act]." *Id.* at 1245 (alteration in original) (quoting MO. REV. STAT. § 287.780). After adopting language in which the Supreme Court outlined the standards for determining whether a claim falls within the "arising under" language of § 1331, the court applied those standards to § 1445(c), holding that plaintiff's claim "arose under" Missouri's workers' compensation laws. *Id.* at 1246. In reaching its conclusion in *Humphrey*, the court reasoned that "the right established by § 287.780 is an essential element of plaintiff's claim, the success of plaintiff's claim will depend on how § 287.780 is construed, a genuine and present controversy exists with reference to § 287.780, and the controversy is disclosed upon the face of the complaint." *Id.* Moreover, "where a state legislature enacts a provision within its workers' compensation laws and creates a specific right of action, a civil action brought to enforce that right of action is, by definition, a civil action arising under the workers' compensation laws of that state and therefore § 1445(c) applies." *Id.* The retaliation provisions in *Jones* and *Humphrey* are substantially similar to § 25-5-11.1; therefore, these two cases provide support for the court's decision in this case.

## CONCLUSION

Based on the foregoing analysis, the court holds that the removal of plaintiff's claim under Alabama Code § 25-5-11.1 is barred by 28 U.S.C. § 1445(c). Accordingly, plaintiff's motion to remand is due to be granted.

An order granting plaintiff's motion to remand will be entered contemporaneously herewith.

**DONE** this 31st day of March, 1997.

*/s/ Sharon Lovelace Blackburn*
**SHARON LOVELACE BLACKBURN**
United States District Judge